AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Worrell Burrell,<br><br>_____<br>*Defendant.* | )<br>)<br>)  Case No. 22-MJ-6082-LSS<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of __February 14, 2022 - February 23, 2022__ in the counties of __Broward and Miami-Dade,__ in the __Southern__ District of __Florida__, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Collin Teal, Special Agent, DEA
*Printed name and title*

Sworn to before me telephonically.

DATE: 2/24/22

_____
*Judge's signature*

City and state:  Fort Lauderdale, Florida    Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Collin Teal, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA"), Department of Justice, and I have been so employed since July of 2021. Prior to joining the DEA, I was a Police Officer for the City of Springfield, in Springfield, Missouri, for six and a half years. I have completed in excess of 640 hours of Basic Agent Training at the United States Justice Training Center, DEA, located in Quantico, Virginia. I have been trained in techniques dealing with the unlawful distribution of narcotics, possession and/or manufacture with intent to distribute controlled substance, use of communication facilities to conduct narcotics transactions, and associated conspiracies, in violation of Title 21, United States Code. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, Section 2516.

2. This affidavit is for the limited purpose of establishing probable cause that **Worrell Burrell ("BURRELL")** did possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B).

3. The information contained in this Affidavit is based on my personal knowledge and information obtained from other law enforcement personnel. Because this Affidavit is provided solely for the purpose of establishing probable cause, it sets forth only those material facts that I believe are necessary to establish probable cause and does not include all the details of the investigation of which I am aware.

1

## PROBABLE CAUSE

4. In 2022, law enforcement utilized a confidential information (hereinafter, "CI"), to purchase narcotics from BURRELL. These purchases were audio recorded. The CI has proven to be reliable and has assisted in other federal and state narcotics investigations. His/her information has been corroborated throughout this and other investigations.

### *The CI Conducts a First Undercover Purchase of Narcotics from BURRELL*

5. During the first week of February 2022, the CI was put in contact with BURRELL. BURRELL was introduced to the CI as a heroin dealer in Brevard County, Florida, who travels to South Florida to sell narcotics. The CI, as instructed by law enforcement personnel, reached out to BURRELL to coordinate the purchase of heroin in South Florida. During the conversations, which transpired via the WhatsApp service, Face Time videotelephony, and a recorded Callyo line, BURRELL stated he would only sell heroin in South Florida if the purchase was for five (5) ounces or more.

6. On February 14, 2022, the CI met with BURRELL in the parking lot of the Miller's Ale House, located at 3215 Oakwood Boulevard, Broward County, Florida 33020 ("the Ale House"), for the purpose of purchasing five (5) ounces of heroin from BURRELL, in exchange for seven thousand ($7,000.00) dollars of DEA Official Authorized Funds (OAF). Before the purchase, the CI met with law enforcement at a predetermined brief location, where he was equipped with audio and video recording devices and the $7,000.00 of DEA OAF. In addition, the CI and his/her vehicle was searched for contraband, which yielded negative results.

7. Surveillance observed BURRELL arrive at the Ale House, driving a Gray Buick Encore GX, bearing South Florida tag SGW780 ("BURRELL's Vehicle"). The CI was observed making contact with BURRELL at which point BURRELL handed the CI the suspected narcotics

in exchange for the OAF. After the exchange, the CI drove to a predetermined debrief location, where law enforcement took possession of a clear plastic vacuum sealed bag, containing a black soft substance. In addition, law enforcement searched the CI and his/her vehicle for contraband, which yielded negative results. Subsequently, the suspected heroin was field tested which provided a positive presence of heroin.

### *The CI Conducts Buy/Bust Operation on BURRELL*

8. On or about February 23, 2022, law enforcement conducted a buy/bust operation in Miami Gardens, Florida. At the instruction of law enforcement, the CI coordinated the purchase of kilogram quantities of black tar heroin from BURRELL. During the conversations, BURRELL informed the CI that he could sell him/her two (2) kilograms of heroin at $1,150.00 dollars, per ounce.

9. On or about February 23, 2022, the CI met with BURRELL at 20101 Northwest Second Avenue, Miami, Florida 33169, for the purpose of purchasing two (2) kilograms of heroin. Before the meeting, the CI met with law enforcement at a predetermined brief location, where he was equipped with audio and video recording devices. In addition, the CI and his/her vehicle was searched for contraband, which yielded negative results.

10. Surveillance observed BURRELL arrive with a female at the meeting location, driving BURRELL's Vehicle. The CI met with BURRELL at which point BURRELL showed the CI a clear plastic vacuum sealed bag, containing a black soft substance inside a white cloth bag. Subsequently, the CI provided an arrest signal to law enforcement, at which point law enforcement intervened and took BURRELL into custody.

11. Law enforcement recovered approximately two (2) kilograms of suspected black tar heroin, which was later field tested and provided a positive presence for heroin. Subsequently, the CI and his/her vehicle was searched for any contraband, which yielded negative results.

## CONCLUSION

12. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that between on or about February 14, 2022, through on or about February 23, 2022, **Worrell Burrell ("BURRELL")** did knowingly and willfully possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B).

**FURTHER YOUR AFFIANT SAYETH NOT.**

Respectfully submitted,

Collin Teal, Special Agent
Drug Enforcement Administration (DEA)

Sworn to before me telephonically this 24 day of February, 2022.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-6082-LSS

### BOND RECOMMENDATION

DEFENDANT: WORRELL BURRELL

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By:  /s/ Brooke Elise Latta
AUSA:  Brooke Elise Latta

Last Known Address: 1042 West Port Street

Southeast Palm Bay, Florida

What Facility:

Agent(s): COLLIN TEAL
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
DEA